UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nikia Renee Noisette, | Case No. 2:25-cv-04123-RMG-MGB |
| Appellant, | |
| v. | REPORT AND RECOMMENDATION |
| Reliance First Capital, LLC, | |
| Appellee. | |

Nikia Renee Noisette ("Appellant"), proceeding *pro se*, brings this appeal from the United States Bankruptcy Court for the District of South Carolina ("Bankruptcy Court"), Bankruptcy Petition No. 25-01724-JD. This Court generally has appellate jurisdiction to hear such appeals under 28 U.S.C. § 158(a). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review this appeal and submit recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this appeal be dismissed.

## BACKGROUND

Shortly after Appellant filed her Chapter 13 Voluntary Petition on May 5, 2025, Reliance First Capital, LLC ("Appellee") filed a Motion for an Order Confirming that No Automatic Stay Exists as to Movant Pursuant to 11 U.S.C. § 362(c)(4)(A)(i). *See* Case No. 25-1724 (Dkt. No. 23). Appellee had apparently bought certain real property belonging to Appellant at a foreclosure sale on May 6, 2025, and therefore sought an order from the Bankruptcy Court verifying that the automatic stay protections of 11 U.S.C. § 362(a) were "not in effect upon the filing of this case" based on Appellant's previous successive bankruptcy petitions.

On May 12, 2025, the Bankruptcy Court issued an *ex parte* order confirming that no automatic stay was in effect "with respect to certain collateral described as 402 Arbor Oaks Drive, Summerville, SC 29485" based on Appellant's successive bankruptcy petitions. *See* Case No. 25-1724 (Dkt. No. 24). Appellant then filed a Motion to Impose Automatic Stay and a Motion to Vacate Foreclosure Sale and Notice of Violation of Automatic Stay, both of which were denied by the Bankruptcy Court. *See* Case No. 25-1724 (Dkt. Nos. 32, 33, 40, 41).

On May 13, 2025, Appellant filed a Notice of Appeal challenging the Bankruptcy Court's order granting Appellee relief from the automatic stay. *See* Case No. 25-4123 (Dkt. No. 1; *see also* Dkt. No. 3-1 at 4, 6–7). In filing the Notice of Appeal, Appellant also filed a Motion to Waive Fee for Bankruptcy Appeal, asking that the Bankruptcy Court "waive the bankruptcy appeal filing fee of $298 and allow [her] appeal to proceed *in forma pauperis*." *See* Case No. 25-4123 (Dkt. No. 3-1 at 20). The Bankruptcy Court denied Appellant's motion to waive the filing fee, stating:

> The Motion is governed by 28 U.S.C. § 1930. The statute "only clearly authorizes waiver of filing fees for Chapter 7 debtors." *In re Cole*, C/A No. 16-30960, slip op. at 1 (Bankr. W.D.N.C. Jan. 30, 2025). Assuming the Court could waive the fee, it would not do so. Debtor is in a chapter 13 case, which necessarily requires an individual to have assets and disposable income. Debtor's Schedule A/B disclose that Debtor has sufficient liquid assets to pay the filing fee. Additionally, parties seeking a fee waiver must act in good faith. *Id.* at 2. Debtor's filings are replete with frivolous redemptionist theories that have been rejected by every court that have considered the issue. Debtor has also filed a motion that directly contradicts the basis of her appeal. Accordingly, the Court cannot find that Debtor is acting in good faith.

*See* Case No. 25-4123 (Dkt. No. 3-1 at 26).

Notwithstanding the above, the Bankruptcy Court's records do not indicate that Appellant ever paid the requisite $298.00 appeal fee. To that end, the undersigned issued an order dated June 12, 2025, affording Appellant an opportunity to cure this deficiency and pay the filing fee

2

as required by 28 U.S.C. § 1930. *See* Case No. 25-4123 (Dkt. No. 4 at 2). The undersigned warned Appellant that if she failed to follow these instructions within the time permitted, her appeal may be dismissed for failure to comply with the Federal Rules of Bankruptcy Procedure and this Court's order. *See* Case No. 25-4123 (Dkt. No. 4 at 2).

On July 8, 2025, Appellant filed a Motion for Extension of Time stating that, "[d]ue to ongoing financial hardships and limited access to resources, [she is] currently unable to pay the required appellate filing fees," but "anticipate[s] being able to fulfill this financial obligation and complete all necessary filings within the next fourteen (14) days." *See* Case No. 25-4123 (Dkt. No. 7). Appellant requested that the Court "grant an extension of time through and including July 17, 2025." *See* Case No. 25-4123 (*Id.*). The undersigned granted Appellant's Motion for Extension of Time, reiterating that if she failed to bring her case into proper form by the new deadline, her appeal would be dismissed. *See* Case No. 25-4123 (Dkt. No. 8). To date, Appellant has not paid the outstanding filing fee, and the time to do so has expired.

## **DISCUSSION**

It is well-established that "[i]f an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997); *see also* Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the appeal's validity, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal."). Before the district court can dismiss a bankruptcy appeal for violation of a procedural rule, it must take at least one of the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the

3

sanction and available alternatives. *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992).

Rule 8003 of the Federal Rules of Bankruptcy Procedure states that a notice of appeal from "a judgment, order, or decree of a bankruptcy court to a district court" must be "accompanied by the prescribed filing fee." Fed. R. Bankr. P. 8003(a)(3)(C). As discussed above, Appellant received notice of the required $298.00 filing fee from both the Bankruptcy Court and this Court. Despite receiving multiple opportunities to pay the fee, Appellant still has not done so. Thus, Appellant's failure to cure this error violates the Federal Rules of Bankruptcy Procedure and there is no appropriate sanction short of dismissal.

Nevertheless, even if Appellant had paid the outstanding filing fee, it is worth noting that her appeal is likely moot in the first instance. Indeed, it is well-established that if an automatic stay is terminated by the court as to a particular creditor, "that creditor may proceed to collect on his or her debt. Even if [ ] an appeal is filed, the creditor may proceed." *See Constructivist Found., Inc. v. Bonner*, 254 B.R. 863, 865 (D. Md. 2000) (citing *In re Strawberry Square Associates*, 152 B.R. 699, 701 (Bankr. E.D.N.Y. 1993)). Notably, "if the collection process results in a sale of the property," as it did here, "the appeal becomes moot."[1] *See id.* (citing *In re Strawberry Square Associates*, 152 B.R. at 701); *see also Khan v. Citibank*, No. 8:16-cv-3121-PX, 2017 WL 2311185, at *2–3 (D. Md. May 26, 2017) (dismissing debtor's appeal to reverse bankruptcy court's lift of the automatic stay because the property at issue "ha[d] been sold to a third party and [debtor] no longer ha[d] any interest in the Property," such that a "judicial determination to overturn the bankruptcy court's lift of the stay would have no practical effect");

---

[1] "The only way the debtor can avoid this situation is to obtain a stay pending appeal." *See Constructivist Found., Inc. v. Bonner*, 254 B.R. 863, 865 (D. Md. 2000) (citing *In re Strawberry Square Associates*, 152 B.R. 699, 701 (Bankr. E.D.N.Y. 1993)). Here, Appellant filed a Motion to Stay Pending Appeal, but the Bankruptcy Court promptly denied the request, and Appellant did not seek any further emergency relief. *See* Case No. 25-1724 (Dkt. Nos. 46, 48).

*Afsar v. RJRE Invs., LLC*, No. 8:16-cv-3024-PWG, 2017 WL 1058159, at *2 (D. Md. Mar. 20, 2017) (noting that debtor's appeal of order that terminated automatic stay against eviction proceedings on property formerly owned by debtor "is now moot because [appellee] is apparently now in physical possession of the property formerly owned by [debtor]"). Thus, Appellant's appeal is likely moot given that her property was sold at the foreclosure sale.[2]

## RECOMMENDATION

For the reasons discussed above, the undersigned **RECOMMENDS** that this bankruptcy appeal be **DISMISSED**.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

August 19, 2025
Charleston, South Carolina

Appellant's attention is directed to the **important notice** on the next page.

---

[2] Moreover, while this appeal was pending, it appears Appellant's bankruptcy case was dismissed with prejudice pursuant to 11 U.S.C. § 1307(c)(5) after she failed to appear at the confirmation hearing scheduled for July 23, 2025. *See* Case No. 25-1724 (Dkt. No. 107).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).