# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Nikia Renee Noisette, | C/A: 2:25-cv-4123-RMG |
|       Appellant, | |
| v. | |
| Reliance First Capital, LLC, | **ORDER** |
|       Appellee. | |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 9) of the Magistrate Judge recommending that the Court dismiss this bankruptcy appeal for failure to pay the appeal fee. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses this bankruptcy appeal.

As noted in the R&R, after Appellant filed a Chapter 13 Voluntary Petition, Appellee filed a Motion for an Order Confirming that No Automatic Stay Exists as to Movant Pursuant to 11 U.S.C. § 362(c)(4)(A)(i). (Dkt. No. 9 at 1). The Bankruptcy court granted the motion. (*Id.* at 2). Appellant subsequently filed a Motion to Impose Automatic Stay and a Motion to Vacate Foreclosure Sale and Notice of Violation of Automatic Stay, both of which the Bankruptcy Court denied. (*Id.*). Appellant then filed a notice of appeal challenging the Bankruptcy Court's rulings and requesting waiver of the appeal fee. The Bankruptcy Court denied the motion, noting the statutory provision Appellant cited was only for Chapter 7 debtors and that, even if waiver was possible, it would not due so. The Bankruptcy Court noted Appellant had assets and disposable income with which to pay the filing fee. The Bankruptcy Court further noted that parties seeking a waiver had to act in good faith and that Appellant arguably was not given she advanced "frivolous redemptionist theories that have been rejected by every court that have considered the issue." (*Id.* at 2).

On June 12, 2025, the Magistrate Judge issued an order warning Appellant that if she did not pay the appeal fee, her appeal would be dismissed. (*Id.* at 2-3). The Magistrate Judge then granted Appellant's motion to extend time to pay the appeal fee. Appellant, however, never paid the appeal fee, and the Magistrate Judge issued the R&R recommending dismissal for failure to follow bankruptcy procedure. Appellant did not file any objections to the R&R. Nor has Appellant paid the appeal fee.

As the Magistrate Judge ably explained in the R&R, the instant appeal should be dismissed. (Dkt. No. 9 at 3-4). Appellant did not pay the appeal fee, she has had notice and an opportunity to cure the failure to pay, and there is no alternative but dismissal for her noncompliance. Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the appeal's validity, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal."); *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997) (It is well-established that "[i]f an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal."); *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992) (Before dismissing a party's bankruptcy appeal for violating Rule 8006 "the district court must take at least one of the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives").

For the forgoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 9) as the Order of the Court and **DISMISSES** Appellant's appeal.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

September 9, 2025
Charleston, South Carolina